## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUSEUM OF FINE ARTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | |
| AFFILIATED FM INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff the Museum of Fine Arts (the "MFA"), by its undersigned attorneys, alleges as its complaint against the defendant, Affiliated FM Insurance Company ("Affiliated FM"), as follows:

## **NATURE OF THE ACTION**

1.      As detailed herein, this is an insurance coverage action involving the MFA's rights to insurance coverage under a property insurance policy, Policy No. AY627 (the "Policy"), that Affiliated FM issued to the MFA.

2.      In *Count One*, the MFA seeks a declaration pursuant to 28 U.S.C. § 2201 et seq. of its rights as a named insured under the Policy for damages to the MFA's skylights, as described herein.  In *Count Two*, the MFA seeks damages and other relief based upon Affiliated FM's breach of the Policy.  In *Count Three*, the MFA seeks damages and other relief available under M.G.L. c. 93A, §§ 2, 11 and M.G.L. c. 176D based upon Affiliated FM's unfair and deceptive acts and practices in handling the MFA's claims on the Policy.

## PARTIES

3.      The MFA is a non-profit corporation organized and existing under the laws of Massachusetts, with its principal place of business at 465 Huntington Avenue, Boston, Massachusetts. At all relevant times, the MFA was a named insured under the Policy.

4.      The Defendant, Affiliated FM is an insurance company incorporated and existing under the laws of Rhode Island, with its principal place of business at 270 Central Avenue, Johnston, Rhode Island.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      Venue in this action is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) because substantially all of the events and omissions giving rise to the MFA's claim under the Policy occurred in this judicial district.

## FACTS
### The Hail Damage Suffered by the MFA

7.      The MFA sustained damage to numerous skylights as a result of the hail storm that occurred in the city of Boston on August 4, 2015.  In addition, subsequent water leaks through the outer glass panes of the skylights risk further damage to the MFA and artwork stored therein.

8.      On or about April 26, 2018, the MFA discovered the damage sustained to the skylights at the MFA, following a regularly scheduled exterior survey of the building.

### Affiliated FM's Policy Covering the MFA

9.      On April 1, 2015, Affiliated FM issued Policy No. AY627 (the "Policy"), to the MFA.  The Policy, which is a Massachusetts Standard Fire Insurance Property Policy, insures

against all risks of direct physical loss or damage as defined in the policy on real property, including the location that sustained the damage, the Museum of Fine Arts, 465 Huntington Avenue, Boston, MA.

10.     The Policy, which is an occurrence policy, was effective as of March 31, 2015 to March 31, 2016 (the "Policy Period").  The Policy provides a limit of liability of $750,000,000.

11.     The MFA paid all premiums due to Affiliated FM under the Policy and has performed all of its other obligations under the Policy.

12.     The Policy is a valid and enforceable insurance contract.

13.     The hail damage suffered by the MFA, detailed above, is within the scope of coverage afforded under the Policy.

14.     No exclusion contained in the Policy acts as a bar to coverage for the above-detailed hail damage.

15.     All conditions to the MFA's recovery under the Policy are satisfied, waived, excused or otherwise are inapplicable.

16.     Under the terms of the Policy, Affiliated FM was obligated to indemnify the MFA with respect to the costs of repairs or replacement under the Policy incurred in connection with the above-detailed hail damage.

**Affiliated FM's Handling of the MFA's Claims for Coverage of the Hail Damage**

17.     Prior to April 26, 2018, the MFA was unaware of the damage sustained as a result of the hail storm.

18.     On October 4, 2018, the MFA notified Affiliated FM of the loss resulting from the hail storm that occurred on August 4, 2015.

19.     Following initial communications between the MFA and Affiliated FM, on January 23, 2019, Affiliated FM requested that the MFA send to Affiliated FM a copy of contractor estimates, including an estimate to replace the damaged skylights.

20.     Based on that request, the MFA forwarded to Affiliated FM an estimate for the replacement of the damaged skylights.

21.     On March 7, 2019, Affiliated FM again requested that the MFA send to it numerous contractor bids for replacement with new skylights.

22.     On March 28, 2019, Affiliated FM provided its coverage position to the MFA for the first time.  Affiliated FM acknowledged coverage under the Policy, and stated that the scope coverage would be for the lesser of the cost of either repairing or replacing the damaged skylights.

23.     Affiliated FM further indicated that it had retained a construction consultant to establish the necessary scope of repairs and corresponding cost estimate and again requested that the MFA submit multiple bids for cost of replacing the skylights.

24.     Relying on Affiliated FM's representations that it would provide coverage for the cost of replacement of the skylights, the MFA continued to work with Affiliated FM to obtain construction estimates for the replacement of the skylights and any associated repairs.

25.     On April 30, 2019, Affiliated FM again specifically requested that the MFA send multiple bids for estimation of costs to replace the skylights that had been damaged.

26.     On May 1, 2019, the MFA provided Affiliated FM with two additional estimates for the cost of replacement of the damaged skylights.

27.     Two weeks after receiving the replacement cost estimates, on May 15, 2019, Affiliated FM informed the MFA for the first time that its basis of valuation for coverage would be the "actual cash value" of the skylights.  Despite Affiliated FM's earlier representations that the

loss would be covered in the amount necessary to effectuate a replacement of the damaged skylights, Affiliated FM took the position that it would not cover the earlier-promised replacement costs.

28.     To date, Affiliated FM has yet to provide any indication of the amount it believes is covered under the Policy's "actual cash value" valuation.  As of the last exchange of information, the parties' respective calculations of loss were more than $1,000,000 apart.

## COUNT I
## Declaratory Judgement

29.     The allegations of paragraph 1 through 28 of this Complaint are repeated and realleged as it fully sets forth herein.

30.     Despite demand, Affiliated FM failed and refused to reimburse the MFA for acknowledge coverage for the repair or replacement costs incurred as a result of hail damage suffered by the MFA, all in breach of the Policy.  An actual and justiciable controversy presently exists between the MFA and Affiliated FM with respect to Affiliated FM's responsibilities for loss that the MFA has incurred in connection with the hail damage suffered by the MFA in that the hail damage is covered under the Policy and Affiliated FM has failed and/or refused to provide or confirm coverage as required by the Policy and applicable law.

31.     Declaratory relief from this Court will terminate some or all of these disputes and controversies.

32.     Pursuant to 28 U.S.C. § 2201 *et seq*., the MFA is entitled to a declaration by the Court concerning the duties and obligations of Affiliated FM regarding the MFA's entitlement to insurance coverage for the hail damaged suffered by the MFA.

## COUNT II
## Breach of Contract

33.     The allegations of paragraph 1 through 32 of this Complaint are repeated and realleged as it fully sets forth herein.

34.     Affiliated FM's failure or refusal to respond in accordance with its contractual obligations to the MFA's demands for payment of repair or replacement costs necessary to repair the hail damage suffered by the MFA during the policy period constitutes a breach of the Policy.

35.     As a direct and proximate result of Affiliated FM's breach, the MFA has been deprived of the benefit of insurance coverage for which it paid significant premiums.

36.     As a direct and proximate result of Affiliated FM's breach, the MFA has suffered, and is continuing to suffer, damages, costs, and other losses and has been or will be damaged in an amount to be proven at trial.

## COUNT III
## Affiliated FM's Violations of M.G.L. c. 176D and c. 93A

37.     The allegations contained in paragraphs 1 through 36 of this Complaint are repeated and realleged as if fully set forth herein.

38.     At all relevant times, the MFA and Affiliated FM have engaged in trade or commerce within the meaning of M.G.L. c 93A, §§ 2 and 11.

39.     In its handling of the MFA's claims on the Policy for the damages sustained by the MFA, Affiliated FM has engaged in the following claim settlement practices without justification and in bad faith:

a.      misrepresenting the requirement that the MFA repair damages to the skylights within two years when the MFA was unaware of the damage during that time;

b.      failing to act reasonably promptly on the MFA's communication of June 6, 2019 regarding Affiliated FM's waiver of the two year repair or replace requirement; and

c.      failing to provide a reasonable basis from the facts and applicable law for Affiliated FM's position that it is responsible only for the actual cash value of the damaged skylights after maintaining for months that it would provide coverage in the amount necessary to repair or replace the skylights.

40.     The acts and practices engaged in by Affiliated FM in its handling of the MFA's claims for coverage of the repair or replacement of the MFA's skylights constitute unfair and deceptive acts and practices within the meaning of M.G.L. c. 93A, §§ 2 and 11.

41.     As a result of Affiliated FM's use or employment of unfair and deceptive acts and practices, the MFA has suffered, and continues to suffer, loss of money or property.

42.     The unfair and deceptive acts and practices of Affiliated FM are willful or knowing violations of M.G.L. c. 93A, §§ 2 and 11.

## PRAYERS FOR RELIEF

**WHEREFORE**, the MFA demands judgment on Counts I-III as follows:

(a)     declaring that Affiliated FM breached its duty to acknowledge coverage of the MFA's costs to repair or replace damage to the MFA's skylights that occurred during the Policy Period;

(b)     awarding the MFA damages in such amount as this Court may determine that the MFA has sustained as a result of the breach by Affiliated FM of its obligations under the Policy, with interest accrued and accruing thereon according to law;

(c)     damages in such amount as this Court may determine that the MFA has sustained

as a result of the unfair and deceptive acts and practices of Affiliated FM, with interest accrued

and accruing thereon according to law;

(d)     statutory punitive damages equal to three times the amount of the MFA's actual

damages;

(e)     the MFA's attorneys' fees and costs in this action; and

(f)     such other and further relief as to which this Court determines the MFA is entitled.

## DEMAND FOR JURY TRIAL

The MFA hereby requests a trial by jury on any and all claims so triable.

Respectfully submitted,

MUSEUM OF FINE ARTS
By its attorneys,


*/s/ Steven Wright*
Michael DeMarco (BBO# 119960)
Steven P. Wright (BBO# 648575)
John L. Gavin (BBO# 705385)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Dated: April 24, 2020                    Boston, Massachusetts 02111